P. R. McClung v. Commissioner.
McClung v. Commissioner
Docket No. 1646-64.
United States Tax Court
T.C. Memo 1966-84; 1966 Tax Ct. Memo LEXIS 196; 25 T.C.M. (CCH) 473; T.C.M. (RIA) 66084; April 22, 1966
*196 P. R. McClung, pro se, Box 485, Azusa, Calif. Morley H. White, for the respondent. PIERCE Memorandum Opinion PIERCE, Judge: Respondent determined a deficiency of $160.06 in the income tax of petitioner P. R. McClung and his wife, for the taxable calendar year 1960. These persons filed a joint Federal income tax return for that year, with the district director of internal revenue at Los Angeles. However, notwithstanding that the notice of deficiency was issued to both of them, only the husband filed a petition herein with respect to that notice. The issues for decision are whether the respondent erred in disallowing the following deductions which were claimed by petitioner on his income tax return for said taxable year. (1) A deduction of $874.01, claimed to represent losses and expenses incurred in business transactions entered into with a hope for profit. (2) A deduction of $199.86, claimed to represent educational expenses incurred by petitioner's wife in maintaining and improving nursing skills. As regards the first issue, petitioner was employed by the Southern California Presbyterian Homes as a maintenance man; and his duties consisted of fixing doors, *197 unstopping plumbing, and handling maintenance jobs of that character. He contended that since 1932, he also had engaged in various business ventures with a view to profit; however, in his income tax returns for 1959, 1960 and 1961 the only income reflected was from wages or salaries. At the trial herein, petitioner was questioned as to the nature of the ventures in which he claimed to have been engaged, but his answers were indefinite and unresponsive. He admitted that he had not made any profit from such alleged ventures since 1932, except perhaps in one year which he could not identify; and that even the amount of the alleged profit for such year was minimal. He did not maintain any business books or records of any sort; and there is no evidence which would substantiate any of his alleged business losses or expenses, or the deductibility thereof. In this situation, we here find and hold that petitioner has failed to carry his burden of establishing any error in respondent's disallowance of the claimed business losses and expenses above mentioned. As regards the second issue, petitioner deducted on his return for the year here involved, an item of $199.86 which he therein described *198 as "Schooling to Maintain and Improve Skills." Respondent disallowed this deduction. At the trial, petitioner testified that this item represented educational expenses incurred by his wife who was a nurse; but he failed to substantiate any particular expense so incurred; and he presented no evidence which would tend to establish that any such expense was incident to maintaining or improving any of his wife's skills. We hold therefore, that petitioner has failed to carry his burden of proof as to the deductibility of the alleged expenses here considered. We decide this second issue also in favor of the respondent. Decision will be entered for the respondent.